JAP:VHT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

PAUL NOSWORTHY,

        Defendant.

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C., Section 922(g))

- - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

    ISMAEL HERNANDEZ, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

    Upon information and belief, on or about June 11, 2007, within the Eastern District of New York, the defendant PAUL NOSWORTHY did knowingly and intentionally possess in and affecting interstate commerce a firearm, to wit, a loaded North American Arms .22 caliber revolver and ammunition, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

    (Title 18, United States Code, Section 922(g))

    The source of your deponent's information and the grounds for his belief are as follows[1]:

---

[1] Because the purpose of this affidavit is only to establish probable cause to arrest, I have not set forth a description of all of the facts and circumstances of which I am aware.

1. I am a Special Agent with ATF. My information in this case comes from reviews of records of the New York City Police Department ("NYPD"), conversations with police officers and other official records of government agencies.

2. On June 11, 2007 at approximately 7:55 p.m., an NYPD officer on patrol observed the defendant PAUL NOSWORTHY and another person seated inside a Mercedes Benz that was doubled parked in front of 90-05 171 Street, Queens, New York.

3. Upon approaching the vehicle the officer asked the defendant for his driver's license which the defendant handed to the officer. While reviewing the license the officer detected an odor of marijuana coming from the vehicle and then observed a burning marihuana cigarette on the center console of the vehicle.

4. The officer then asked the defendant, PAUL NOSWORTHY to step out of the vehicle at which time the defendant exited the vehicle. The officer observed the defendant place his hand in his back pants pocket. The officer instructed the defendant to take his hands out of his pocket. The defendant stated that he was reaching for his wallet. The officer replied that he already had the defendant's license and instructed the defendant to remove his hand from his pocket. The defendant did not immediately remove his hand from his pocket as he was instructed to do and the officer began to pat down the defendant. Upon patting down the defendant the officer felt a hard object

inside the defendant's back pocket which the officer then removed. The officer observed that the hard object was a firearm.

5. The defendant PAUL NOSWORTHY, then grabbed for the firearm and he and the officer briefly struggled over the gun. The defendant wrestled the gun from the officer and threw it on to the roof of a nearby building.

6. Soon thereafter, Police recovered the aforementioned firearm, a loaded North American Arms .22 caliber revolver from the roof top.

7. A review of the defendant PAUL NOSWORTHY's criminal record reveals that he has been convicted of a crime punishable by a term of imprisonment of more than one year. Specifically, on June 23, 2000, the defendant was convicted in New York State Supreme Court, Queens County, of Criminal Possession of a Weapon in the Third Degree, a Class D felony.

8. I am an interstate nexus expert and have determined that the above mentioned North American Arms .22 caliber revolver was manufactured outside of the state of New York.

WHEREFORE, your deponent respectfully requests that the defendant PAUL NOSWORTHY be dealt with according to law.

*[signature]*
ISMAEL HERNANDEZ
Special Agent,
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
17th day of September, 2007

E